UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Cecil Khemraj,<br>Individually and on behalf of all others similarly situated,<br><br>                                         Plaintiff,<br>     -v-<br><br>Mercedes-Benz Manhattan, Inc.,<br><br>                                         Defendant. | Civ. Action #: 11-cv-876<br>(DLI)(ALC)<br><br><br>**FIRST AMENDED<br>COMPLAINT**<br>**(Collective & Class Action)**<br><br>Date Filed: 02-23-2011<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Cecil Khemraj, on behalf of himself, and all others similarly situated, by Abdul Hassan, his attorney, complaining of the Defendant, respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself, and other similarly situated current and former employees who worked for the Defendant, and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he and they are: (i) entitled to unpaid wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for all such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff complains on behalf of himself and a class of other similarly situated current and former employees who worked for Defendant, pursuant to the Fed. R. Civ. Proc. 23, that he and they are: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for all such hours over forty in a week, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-

1

2.2.

3. Plaintiff complains on behalf of himself and a class of other similarly situated current and former manual employees/workers who worked for Defendant, pursuant to the Fed. R. Civ. Proc. 23, that he and they: (i) were not paid weekly as required by Article 6 of the New York Law Law including NYLL 191; and (ii) are entitled to interest and maximum liquidated damages as well as costs and attorneys fees, pursuant to NYLL § 198, and the regulations thereunder.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202

## THE PARTIES

7. Plaintiff Cecil Khemraj ("Plaintiff" or "Khemraj") is a resident of Queens County in the State of New York.

8. Upon information and belief, Defendant Mercedes-Benz Manhattan, Inc., ("Defendant" or "Mercedes-Benz") is a foreign for-profit corporation.

9. Upon information and belief, Mercedes-Benz is organized and existing under the laws of the State of Delaware and duly authorized to do business in New York.

10. Upon information and belief, Mercedes-Benz maintains offices within the State of New York

at 536 West 41st Street, New York, NY 10036.

11. Upon information and belief, and at all times relevant herein, Mercedes-Benz operates and provides services throughout New York City including Queens County.

12. Upon information and belief and at all times relevant herein, Mercedes-Benz had several hundred employees.

13. Upon information and belief and at all times relevant herein, Mercedes-Benz is part of national and international automobile company that manufactures and/or sells and leases automobiles to the public together with related services.

14. Upon information and belief and at all times relevant herein, Mercedes-Benz had annual revenues from its operations in the millions of dollars.

15. All times applicable or relevant herein as to the FLSA overtime claim refers to <u>at least</u> the two-year and three-year period preceding the filing of this complaint but this period may be longer.

16. All times applicable or relevant herein as to the NYLL overtime claim refers to <u>at least</u> the six-year period preceding the filing of this complaint but this period may be longer.

17. Upon information and belief and at all times applicable herein, Defendant did not display the required FLSA and NYLL posters of employee wage rights as was required by the FSLA and NYLL and the regulations thereunder.

18. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

19. "Plaintiff" as used in this complaint refers to the named Plaintiff, except, that as to the class and collective action allegations under New York Labor Law and the FLSA respectively,

"Plaintiff" refers to the named Plaintiff as well as those similarly situated as putative class members as further defined below.

20. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## STATEMENT OF FACTS

21. Upon information and belief, Defendant is engaged in the business of selling and leasing automobiles to the public together with related services such as roadside service and repair and towing.

22. Upon information and belief, Plaintiff Cecil Khemraj was employed by Defendant Mercedes-Benz for more than seven years ending in and around May 2009.

23. Plaintiff was employed by Defendant as a mechanic and as part of his job he provided roadside repair and related services to Defendant's customers.

24. At all times relevant herein, Plaintiff was employed by Defendant was paid an hourly rate for his daytime shift and was paid per call during in on-call shift.

25. At all relevant times herein and for the time Plaintiff was employed by Defendant, he worked more than forty (40) hours in a week for some or all weeks.

26. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of one and one half times his regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

27. Upon information and belief and at all times relevant herein, Defendant had a policy and practice of paying its employees like Plaintiff and the putative class members separate checks for their regular shifts and their on-call work and in violation of the FLSA and NYLL

Defendant treated the regular and on-call "roadside" hours separately for overtime purposes and did not add them together for purposes of determining overtime hours as Defendant was required to do. (See Exhibit 1).

28. Upon information and belief and at all times relevant herein, Defendant's policy and practice also resulted in a failure to compensate for all hours worked at the correct base rate upon which the overtime was based.

29. Upon information and belief and at all times relevant herein, Defendant had a policy and practice of excluding certain types of compensation such as compensation for vehicle sales referral from the computation of overtime wages due and in violation of the FLSA and NYLL.

30. Upon information and belief, Defendant's policy of separating the regular and on-call hours was intended to evade the overtime and wage laws.

31. Upon and information and belief and at all times relevant herein, hundreds of employees of Defendant were not paid the required overtime because of Defendant's policy of splitting the work hours and not including all wages in the computation of overtime due.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

32. Plaintiff alleges on behalf of himself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1 through 31 above as if set forth fully and at length herein.

33. The named Plaintiff has consented to be part of this action by the filing of this action on his behalf and with his consent.

34. The FLSA cause of action is brought as a collective action on behalf of the named Plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

35. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former employees of Defendant who: 1) worked more than forty hours in a week, within at least the three year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

36. The class should primarily include but is not limited to employees whose hours of work were split and/or who were paid with more than one check for their work in any given week.

37. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are several hundred members of the class during the class period.

38. The class definition will be refined as is necessary, including after discovery if necessary.

39. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by Defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

40. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

41. Upon information and belief and at all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

42. **At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff, and all those similarly similarly-situated, overtime compensation at rates not less than one and**

6

**one-half times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.**

## Relief Demanded

43. Due to Defendant's FLSA violations, Plaintiff, and all those similarly similarly-situated, are entitled to recover from Defendant, their unpaid overtime compensation, <u>an additional equal amount of unpaid overtime (maximum) as liquidated damages</u>, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. and 12 NYCRR 142-2.2 (Unpaid Overtime)

44. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 31 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

45. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

46. The class of similarly situated individuals as to the overtime cause of action under the NYLL is defined as current and former employees of Defendant who: 1) were employed by Defendant within the State of New York; 2) worked more than forty hours in a week, within at least the six year period, preceding the filing of this complaint; and 4) not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

47. The class should primarily include but is not limited to employees whose hours of work were split and/or who were paid with more than one check for their work in any given week.

48. The class definition will be refined as is necessary, including after discovery if necessary.

49. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are several hundred members of the class during the class period.

50. Upon information and belief the putative class is so numerous that joinder of all members is impracticable.

51. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid at least 1.5 times the applicable regular rate for all hours in excess of forty in a week.

52. Upon information and belief, the claims of the representative party are typical of the claims of the class.

53. The representative party will fairly and adequately protect the interests of the class.

54. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

55. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

   (a)   Whether, Defendants failed and/or refused to pay the Plaintiff and the putative class members at a rate of at least one and one half (1 ½) times their regular hourly rate for all hours worked in excess of forty each week within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.2.

56. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual

Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants and in light of the large number of putative class members.

57. At all times relevant to this action, Plaintiff and all those similarly situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

58. **At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff and all those similarly situated as class members, overtime compensation at rates not less than one and one-half times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.**

## Relief Demanded

59. Due to Defendant's NYLL overtime violations, Plaintiff, and all those similarly similarly-situated, are entitled to recover from Defendant, their unpaid overtime compensation, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL 190 et Seq. (Failure to Pay Wages Weekly)

60. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 31 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

61. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

62. The class of similarly situated individuals as to the untimely wage payment cause of action under the NYLL is defined as current and former employees of Defendant who were: 1)

employed by Defendant within the State of New York and who performed manual work; 2) were not paid their wages on a weekly basis, within at least the six year period, preceding the filing of this complaint.

63. The manual workers class will include employees such as mechanics, helpers, tow truck drivers/operators, roadside personnel, cleaning staff etc.

64. The class definition will be refined as is necessary, including after discovery if necessary.

65. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are several hundred members of the class during the class period.

66. Upon information and belief the putative class is so numerous that joinder of all members is impracticable.

67. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid weekly.

68. Upon information and belief, the claims of the representative party are typical of the claims of the class.

69. The representative party will fairly and adequately protect the interests of the class.

70. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

71. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (b)   Whether, Defendants failed and/or refused to pay the Plaintiff and the putative class members on a weekly basis as was required by NYLL 191.

72. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants and in light of the large number of putative class members.

73. At all times relevant to this action, Plaintiff and all those similarly situated as class members, were employed by Defendant as manual workers within the meaning of the New York Labor Law 190 et Seq.

74. **At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff and all those similarly situated as class members, their wages, including their base wages and overtime wages, on a weekly basis, in violation of N.Y. Lab. Law §§ 190 et seq., including NYLL §§ 191, 198.**

## Relief Demanded

75. Due to Defendant's NYLL untimely payment violations, Plaintiff and all those similarly situated as putative class members, are entitled to recover from Defendant, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

76. Declare Defendant (including its overtime and wage payment policy and practice) to be in violation of the rights of Plaintiff and those similarly situated, under the FLSA and New

York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

77. As to the First Cause of Action, award Plaintiff and those similarly situated who opt-in to this action, their unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

78. As to the Second Cause of Action, award Plaintiff and those similarly situated as class members, their unpaid overtime compensation due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

79. As to the Third Cause of Action, award Plaintiff and those similarly situated as class members, maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 198.;

80. Award Plaintiff, and all others similarly situated where applicable, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

81. Award Plaintiff and all those similarly situated such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York
           February 23, 2011

Respectfully submitted,

*Abdul Hassan*

Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: (718) 740-1000
Counsel for Plaintiff

# EXHIBIT 1



| Mercedes-Benz Manhattan, Inc. | | |
|---|---|---|
| 536 West 41st Street | | ADVICE NO: 470409 |
| New York, NY 10036 | | ADVICE DATE: 06/15/07 |
| | | PERIOD ENDING: 06/15/07 |
| | | BASE RATE: 2773.44 |

| KHEMRAJ, CECIL | EXEMPTIONS: FED: 03  STATE: 03 | NUMBER: 002053 | TAX STATUS: Married |
|---|---|---|---|
| 104-22 128 ST. | TAX ADJ.: FED:  STATE: | STATE CODE: PRI: NY  SEC: NY | LOCAL CODE: LOC1:  LOC2:  LOC3: |
| RICHMOND HILL, NY 11419-3012 | SDI / UC ALT: | | LOCAL ALT: |

### IMPORTANT MESSAGE

### HOURS AND EARNINGS

| DESCRIPTION | RATES | CURRENT UNITS | EARNINGS | Y-T-D EARNINGS |
|---|---|---|---|---|
| Regular Earnings | 8.00- | 1258.72 | | 11437.57 |
| Holiday | 8.00 | 128.00 | | 336.00 |
| Overtime @1.5 | 10.25 | 246.01 | | 1657.01 |
| Sick Payout | | | | 25.00 |
| Bonus-Merit | | | | 728.00 |
| Personal Day | | | | 52.00 |
| Vehicle Sale Referra | | | | 250.00 |
| Sick | | | | 128.00 |
| Vacation | | | | 1480.00 |
| Roadside Earnings | | | | 15401.00 |
| TOTAL EARNINGS | | 1632.73 | | 31395.58 |

### TAXES

| DESCRIPTION | Current AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| OASDI | 94.47 | 1872.12 |
| MEDICARE | 22.09 | 437.83 |
| FEDERAL | 73.02 | 1453.35 |
| PRIMARY STATE | 53.46 | 1031.99 |
| PRIMARY LOCAL | 33.10 | 641.49 |
| TOTAL TAXES | 276.14 | 5436.78 |

### SPECIAL INFORMATION

| DESCRIPTION | AMOUNT |
|---|---|
| VAC BALANCE | 0.00 |
| PTO BALANCE | 0.00 |

### PRETAX ITEMS

| DESCRIPTION | Current AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| PPO Pre-Tax | 101.80 | 1119.80 |
| Pretax Dental | 7.30 | 80.30 |
| 401(k) | 65.31 | 213.22 |
| TOTAL DEDUCTIONS | 174.41 | 1413.32 |

### AFTER TAX DEDUCTIONS

| DESCRIPTION | Current AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| Supplemental Lif | 18.35 | 178.75 |
| Spouse Supp. Lif | 1.49 | 16.39 |
| Dependent Life I | 0.07 | 0.77 |
| Supplemental AD& | 1.34 | 13.06 |
| Long Term Disabi | 1.39 | 13.47 |
| TOTAL DEDUCTIONS | 22.64 | 222.44 |

### EMPLOYER PAID BENEFITS

| DESCRIPTION | Current AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| PPO Pre-Tax | 491.00 | 5401.00 |
| Pretax Dental | 47.95 | 527.45 |
| Group Life Insur | 1.96 | 11.90 |
| Supplemental Lif | 1.96 | 11.90 |
| Personal Acciden | 0.67 | 6.53 |
| Travel Accident | 1.00 | 11.00 |
| Short Term Disab | 18.46 | 203.06 |
| 401(k) | 48.98 | 159.91 |

### CURRENT NET PAY DISTRIBUTION

| | |
|---|---|
| 907195189665 | 1159.54 |

| | GROSS | PRETAX | WAGES TAXABLE | LESS TAXES | LESS DED | EQ GNET PAY |
|---|---|---|---|---|---|---|
| CURRENT | 1632.73 | 174.41 | 1458.32 | 276.14 | 22.64 | 1159.54 |
| Y-T-D | 31395.58 | 1413.32 | 29982.26 | 5436.78 | 222.44 | 24323.04 |

---

Mercedes-Benz Manhattan, Inc.
536 West 41st Street
New York, NY 10036

Advice No. 470409

**VOID**

Date: 06/15/07     Deposit Amount: $1159.54

Deposit Amount:    $1159.54

To The Account Of:
MB Manhattan 41st Street
46  00394  002053  470409
KHEMRAJ, CECIL
104-22 128 ST
RICHMOND HILL, NY 11419-3012

**NON-NEGOTIABLE**

YOUR ENTIRE NET PAY HAS BEEN DEPOSITED IN YOUR ACCOUNT(S).
PLEASE REVIEW THE CURRENT NET PAY DISTRIBUTION SECTION OF
YOUR STATEMENT OF EARNINGS FOR DETAILS.

Mercedes-Benz Manhattan, Inc.
536 West 41st Street
New York, NY 10036



ADVICE NO: 470410
ADVICE DATE: 06/15/07
PERIOD ENDING: 06/15/07
BASE RATE: 2773.44

KHEMRAJ, CECIL
104-22 128 ST.
RICHMOND HILL, NY 11419-3012

EXEMPTIONS: FED: 03 STATE: 03
TAX ADJ.: FED: STATE:
NUMBER: 002063
STATE CODE: PRI: NY SEC: NY
SDI / UC ALT:
TAX STATUS: Married
LOCAL CODE: LOC1: LOC2: LOC3:
LOCAL ALT:

## IMPORTANT MESSAGE

### HOURS AND EARNINGS

| DESCRIPTION | RATES | UNITS | CURRENT EARNINGS | Y-T-D EARNINGS |
|---|---|---|---|---|
| Roadside Earnings | | | 1372.00 | 15401.00 |
| Sick Payout | | | | 26.00 |
| Bonus-Merit | | | | 728.00 |
| Personal Day | | | | 52.00 |
| Vehicle Sale Referra | | | | 250.00 |
| Sick | | | | 128.00 |
| Vacation | | | | 1480.00 |
| Holiday | | | | 336.00 |
| Overtime @1.5 | | | | 1557.01 |
| Regular Earnings | | | | 11437.57 |
| TOTAL EARNINGS | | | 1372.00 | 31395.58 |

### TAXES

| DESCRIPTION | Current AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| OASDI | 85.06 | 1872.12 |
| MEDICARE | 19.89 | 437.83 |
| FEDERAL | 55.88 | 1453.35 |
| PRIMARY STATE | 43.78 | 1031.99 |
| PRIMARY LOCAL | 27.75 | 641.49 |
| TOTAL TAXES | 232.36 | 5436.78 |

### SPECIAL INFORMATION

| DESCRIPTION | AMOUNT |
|---|---|
| VAC BALANCE | 0.00 |
| PTO BALANCE | 0.00 |

### PRETAX ITEMS

| DESCRIPTION | Current AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| 401(k) | 54.88 | 213.22 |
| PPO Pre-Tax | | 1119.80 |
| Pretax Dental | | 80.30 |
| TOTAL DEDUCTIONS | 54.88 | 1413.32 |

### AFTER TAX DEDUCTIONS

| DESCRIPTION | Current AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| Supplemental Lif | | 178.76 |
| Spouse Supp. Lif | | 16.39 |
| Dependent Life I | | 0.77 |
| Supplemental AD& | | 13.06 |
| Long Term Disabi | | 13.47 |

### EMPLOYER PAID BENEFITS

| DESCRIPTION | Current AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| 401(k) | 41.16 | 169.91 |
| PPO Pre-Tax | | 5401.00 |
| Pretax Dental | | 527.45 |
| Group Life Insur | | 11.90 |
| Supplemental Lif | | 11.90 |
| Personal Acciden | | 6.53 |
| Travel Accident | | 11.00 |
| Short Term Disab | | 203.06 |

### CURRENT NET PAY DISTRIBUTION

907195189665  1084.76

| | GROSS | PRE-TAX | WAGES TAXABLE | LESS TAXES | LESS DED | EQ C/NET PAY |
|---|---|---|---|---|---|---|
| CURRENT | 1372.00 | 54.88 | 1317.12 | 232.36 | 0.00 | 1084.76 |
| Y-T-D | 31395.58 | 1413.32 | 29982.26 | 5436.78 | 222.44 | 24323.04 |

---

Mercedes-Benz Manhattan, Inc.
536 West 41st Street
New York, NY 10036

Advice No.
470410

Date: 06/15/07    Deposit Amount: $1084.76

Deposit Amount: $1084.76

To The Account Of
MB Manhattan 41st Street
46  00394  002063  470410
KHEMRAJ, CECIL
104-22 128 ST.
RICHMOND HILL, NY 11419-3012

**VOID**

**NON-NEGOTIABLE**

YOUR ENTIRE NET PAY HAS BEEN DEPOSITED IN YOUR ACCOUNT(S).
PLEASE REVIEW THE CURRENT NET PAY DISTRIBUTION SECTION OF
YOUR STATEMENT OF EARNINGS FOR DETAILS.

**Mercedes-Benz Manhattan, Inc.**
536 West 41st Street
New York, NY 10036



| | |
|---|---|
| ADVICE NO: | 461820 |
| ADVICE DATE: | 03/30/07 |
| PERIOD ENDING: | 03/31/07 |
| BASE RATE: | 2253.33 |

KHEMRAJ,CECIL
104-22 128 ST.
RICHMOND HILL, NY 11419-3012

EXEMPTIONS: FED: 03 STATE: 03
TAX ADJ.: FED: STATE:

NUMBER: 002063
STATE CODE: PRI: NY SEC: NY
SDI / UC ALT:

TAX STATUS: Married
LOCAL CODE: LOC1: LOC2: LOC3:
LOCAL ALT:

### IMPORTANT MESSAGE

### HOURS AND EARNINGS

| DESCRIPTION | RATES | CURRENT UNITS | EARNINGS | Y-T-D EARNINGS |
|---|---|---|---|---|
| Regular Earnings | 4.00- | 1074.67 | | 6500.02 |
| Overtime @1.5 | 7.25 | 141.37 | | 662.98 |
| Personal Day | 4.00 | 52.00 | | 52.00 |
| Holiday | | | | 208.00 |
| Sick Payout | | | | 26.00 |
| Bonus-Merit | | | | 728.00 |
| Roadside Earnings | | | | 8710.00 |
| Vehicle Sale Referra | | | | 250.00 |
| TOTAL EARNINGS | | | 1268.04 | 17137.00 |

### TAXES

| DESCRIPTION | Current AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| OASDI | 71.85 | 1021.91 |
| MEDICARE | 16.81 | 238.99 |
| FEDERAL | 40.06 | 797.12 |
| PRIMARY STATE | 34.00 | 557.19 |
| PRIMARY LOCAL | 21.90 | 346.99 |
| TOTAL TAXES | 184.62 | 2962.20 |

### SPECIAL INFORMATION

| DESCRIPTION | AMOUNT |
|---|---|
| VAC BALANCE | 0.00 |
| PTO BALANCE | 0.00 |

### PRETAX ITEMS

| DESCRIPTION | Current AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| PPO Pre-Tax | 101.80 | 610.80 |
| Pretax Dental | 7.30 | 43.80 |
| TOTAL DEDUCTIONS | 109.10 | 654.60 |

### AFTER TAX DEDUCTIONS

| DESCRIPTION | Current AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| Supplemental Lif | 15.05 | 90.30 |
| Spouse Supp. Lif | 1.49 | 8.94 |
| Dependent Life I | 0.07 | 0.42 |
| Supplemental AD& | 1.10 | 6.60 |
| Long Term Disabi | 1.13 | 6.78 |
| TOTAL DEDUCTIONS | 18.84 | 113.04 |

### EMPLOYER PAID BENEFITS

| DESCRIPTION | Current AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| PPO Pre-Tax | 491.00 | 2946.00 |
| Pretax Dental | 47.95 | 287.70 |
| Group Life Insur | 0.58 | 3.48 |
| Supplemental Lif | 0.58 | 3.48 |
| Personal Acciden | 0.55 | 3.30 |
| Travel Accident | 1.00 | 6.00 |
| Short Term Disab | 18.46 | 110.76 |

#### CURRENT NET PAY DISTRIBUTION
907195189666   955.48

| | GROSS | PRETAX | WAGES TAXABLE | LESS TAXES | LESS DED. | EQ. NET PAY |
|---|---|---|---|---|---|---|
| CURRENT | 1268.04 | 109.10 | 1158.94 | 184.62 | 18.84 | 955.48 |
| Y-T-D | 17137.00 | 654.60 | 16482.40 | 2962.20 | 113.04 | 13407.16 |



Mercedes-Benz Manhattan, Inc.
536 West 41st Street
New York, NY 10036

Advice No.
461820

Date: 03/30/07    Deposit Amount: $955.48

Deposit Amount: $955.48

To The Account Of

MB Manhattan 41st Street
35  00394  002063  461820
KHEMRAJ,CECIL
104-22 128 ST.
RICHMOND HILL, NY 11419-3012

**VOID**

**NON-NEGOTIABLE**

YOUR ENTIRE NET PAY HAS BEEN DEPOSITED IN YOUR ACCOUNT(S).
PLEASE REVIEW THE CURRENT NET PAY DISTRIBUTION SECTION OF
YOUR STATEMENT OF EARNINGS FOR DETAILS.

**Mercedes-Benz Manhattan, Inc.**
536 West 41st Street
New York, NY 10036



ADVICE NO: 461821
ADVICE DATE: 03/30/07
PERIOD ENDING: 03/31/07
BASE RATE: 2253.33

KHEMRAJ, CECIL
104-22 128 ST.
RICHMOND HILL, NY 11419-3012

EXEMPTIONS: FED: 03  STATE: 03
TAX ADJ.: FED:  STATE:
SDI / UC ALT:

NUMBER: 002063
STATE CODE: PRI: NY  SEC: NY

TAX STATUS: Married
LOCAL CODE: LOC1:  LOC2:  LOC3:
LOCAL ALT:

## IMPORTANT MESSAGE

### HOURS AND EARNINGS

| DESCRIPTION | RATES | CURRENT UNITS | EARNINGS | Y-T-D EARNINGS |
|---|---|---|---|---|
| Roadside Earnings | | | 1537.50 | 8710.00 |
| Holiday | | | | 208.00 |
| Sick Payout | | | | 26.00 |
| Bonus-Merit | | | | 728.00 |
| Overtime @1.5 | | | | 662.98 |
| Regular Earnings | | | | 6500.02 |
| Personal Day | | | | 52.00 |
| Vehicle Sale Referra | | | | 250.00 |
| | | | | |
| TOTAL EARNINGS | | | 1537.50 | 17137.00 |

### TAXES

| DESCRIPTION | Current AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| OASDI | 95.33 | 1021.91 |
| MEDICARE | 22.29 | 238.99 |
| FEDERAL | 84.90 | 797.12 |
| PRIMARY STATE | 58.88 | 557.19 |
| PRIMARY LOCAL | 36.19 | 346.99 |
| TOTAL TAXES | 297.59 | 2962.20 |

### SPECIAL INFORMATION

| DESCRIPTION | AMOUNT |
|---|---|
| VAC BALANCE | 0.00 |
| PTO BALANCE | 0.00 |

### PRETAX ITEMS

| DESCRIPTION | Current AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| PPO Pre-Tax | | 610.80 |
| Pretax Dental | | 43.80 |

### AFTER TAX DEDUCTIONS

| DESCRIPTION | Current AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| Supplemental Lif | | 90.30 |
| Spouse Supp. Lif | | 8.94 |
| Dependent Life I | | 0.42 |
| Supplemental AD& | | 6.60 |
| Long Term Disabi | | 6.78 |

### EMPLOYER PAID BENEFITS

| DESCRIPTION | Current AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| PPO Pre-Tax | | 2946.00 |
| Pretax Dental | | 287.70 |
| Group Life Insur | | 3.48 |
| Supplemental Lif | | 3.48 |
| Personal Acciden | | 3.30 |
| Travel Accident | | 6.00 |
| Short Term Disab | | 110.76 |

### CURRENT NET PAY DISTRIBUTION
907195189655    1239.91

| | GROSS | PRE-TAX | WAGES TAXABLE | LESS TAXES | LESS DED | EQ CNET PAY |
|---|---|---|---|---|---|---|
| CURRENT | 1537.50 | 0.00 | 1537.50 | 297.59 | 0.00 | 1239.91 |
| Y-T-D | 17137.00 | 654.60 | 16482.40 | 2962.20 | 113.04 | 13407.16 |

---



Mercedes-Benz Manhattan, Inc.
536 West 41st Street
New York, NY 10036

Advice No.
461821

Date: 03/30/07    Deposit Amount: $1239.91

Deposit Amount: $1239.91

MB Manhattan 41st Street
35  00394  002063  461821

o The
ccount Of  KHEMRAJ, CECIL
104-22 128 ST.
RICHMOND HILL, NY 11419-3012

**NON-NEGOTIABLE**

YOUR ENTIRE NET PAY HAS BEEN DEPOSITED IN YOUR ACCOUNT(S)
PLEASE REVIEW THE CURRENT NET PAY DISTRIBUTION SECTION OF
YOUR STATEMENT OF EARNINGS FOR DETAILS.

**Mercedes-Benz Manhattan, Inc.**
536 West 41st Street
New York, NY 10036



| ADVICE NO: | 461822 |
|---|---|
| ADVICE DATE: | 03/30/07 |
| PERIOD ENDING: | 03/31/07 |
| BASE RATE: | 2253.33 |

KHEMRAJ, CECIL
104-22 128 ST.
RICHMOND HILL, NY 11419-3012

| EXEMPTIONS: | FED: 03 | STATE: 03 | NUMBER: 002063 | TAX STATUS: Married |
|---|---|---|---|---|
| TAX ADJ.: | FED: | STATE: | STATE CODE: PRI: NY SEC: NY | LOCAL CODE: LOC1: LOC2: LOC3: |
| | | | SDI / UC ALT: | LOCAL ALT: |

### IMPORTANT MESSAGE

### HOURS AND EARNINGS

| DESCRIPTION | RATES | UNITS | CURRENT EARNINGS | Y-T-D EARNINGS |
|---|---|---|---|---|
| Vehicle Sale Referra | | | 250.00 | 250.00 |
| Holiday | | | | 208.00 |
| Sick Payout | | | | 26.00 |
| Bonus-Merit | | | | 728.00 |
| Overtime @1.5 | | | | 662.98 |
| Regular Earnings | | | | 6500.02 |
| Roadside Earnings | | | | 8710.00 |
| Personal Day | | | | 52.00 |
| TOTAL EARNINGS | | | 250.00 | 17137.00 |

### TAXES

| DESCRIPTION | Current AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| OASDI | 15.50 | 1021.91 |
| MEDICARE | 3.62 | 238.99 |
| FEDERAL | 62.50 | 797.12 |
| PRIMARY STATE | 18.38 | 557.19 |
| PRIMARY LOCAL | 10.00 | 346.99 |
| TOTAL TAXES | 110.00 | 2962.20 |

### SPECIAL INFORMATION

| DESCRIPTION | AMOUNT |
|---|---|
| VAC BALANCE | 0.00 |
| PTO BALANCE | 0.00 |

### PRETAX ITEMS

| DESCRIPTION | Current AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| PPO Pre-Tax | | 610.80 |
| Pretax Dental | | 43.80 |

### AFTER TAX DEDUCTIONS

| DESCRIPTION | Current AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| Supplemental Lif | | 90.30 |
| Spouse Supp. Lif | | 8.94 |
| Dependent Life I | | 0.42 |
| Supplemental AD& | | 6.60 |
| Long Term Disabi | | 6.78 |

### EMPLOYER PAID BENEFITS

| DESCRIPTION | Current AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| PPO Pre-Tax | | 2946.00 |
| Pretax Dental | | 287.70 |
| Group Life Insur | | 3.48 |
| Supplemental Lif | | 3.48 |
| Personal Acciden | | 3.30 |
| Travel Accident | | 6.00 |
| Short Term Disab | | 110.76 |

### CURRENT NET PAY DISTRIBUTION

907195189565    140.00

| | GROSS | PRETAX | WAGES TAXABLE | LESS TAXES | LESS DED | EQ CNET PAY |
|---|---|---|---|---|---|---|
| CURRENT | 250.00 | 0.00 | 250.00 | 110.00 | 0.00 | 140.00 |
| Y-T-D | 17137.00 | 654.60 | 16482.40 | 2962.20 | 113.04 | 13407.16 |

---



Mercedes-Benz Manhattan, Inc.
536 West 41st Street
New York, NY 10036

Advice No.
461822

Date: 03/30/07     Deposit Amount:   $140.00

eposit Amount:    $140.00

MB Manhattan 41st Street
34   00394   002063   461822

o The
ccount Of   KHEMRAJ, CECIL
104-22 128 ST.
RICHMOND HILL, NY 11419-3012

**NON-NEGOTIABLE**

YOUR ENTIRE NET PAY HAS BEEN DEPOSITED IN YOUR ACCOUNT(S).
PLEASE REVIEW THE CURRENT NET PAY DISTRIBUTION SECTION OF
YOUR STATEMENT OF EARNINGS FOR DETAILS.